**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | | |
|---|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., | § § § § | CIVIL ACTION NOS. 2:12-cv-00548-MSD-TEM 2:13-cv-00332-MSD-TEM |
| Plaintiff, | § § | |
| v. | § § | |
| SAMSUNG ELECTRONICS. CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § § § § § | |
| Defendants. | § § | |

## STIPULATED FINAL JUDGMENT

In the Court's April 11, 2014 Opinion and Order (VIS II, ECF No. 250) on Defendants'

Motion for Partial Summary Judgment (VIS II, ECF No. 85) and Order (VIS I, ECF No. 557) on

Defendants' Motion in Limine No. 11 (VIS I, ECF No. 443 and VIS II, ECF No. 149), the Court

made the following rulings:

(a) "Under a literal infringement theory, the accused MHL-enabled products in VIS II do not

directly infringe the asserted claims of the '268, '381, and '398 patents" because they do

not include an HDMI output from the mobile terminal;

(b) "a finding under the doctrine of equivalents that MHL is equivalent to HDMI would

essentially render the HDMI limitation meaningless and would vitiate the limitation" in the

asserted claims of the '268, '381, and '398 patents;

1

(c) Plaintiff failed to timely present a theory of infringement under the doctrine of equivalents in VIS I under Fed. R. Civ. P. 26;

(d) Plaintiff is precluded from arguing that the accused smartphones in VIS I infringe the asserted claims of '268 Patent, the '381 Patent, and the '398 Patent under the doctrine of equivalents;

(e) "a reasonable fact finder could not find MHL to be an equivalent to HDMI in the output interface limitations" of those claims;

(f) "any conversion to a display format, i.e. an uncompressed format, must occur prior to its transmission from the mobile terminal to the alternative display via an output interface. Thus, a format which requires not just decoding, but deconstruction and reassembly after it is received by the alternative display is not a 'display format'";

(g) "when the MHL signal arrives at the alternative display, the previously interleaved segments of data must be deconstructed and reassembled into the original four channels of data, and the clock channel must be divided by a factor of three, before the data can be displayed"; and

(h) "no reasonable jury could find that MHL constitutes a 'display format,' as HDMI does" (ECF No. 250).

On April 29, 2014, Plaintiff and Defendants made the following stipulations:

(a) The Court's Summary Judgment Order found that the accused MHL-enabled products of VIS II do not directly infringe the asserted claims of the '268, '381, and '398 Patents, either literally or under the doctrine of equivalents;

(b) Pursuant to the Court's determination that MHL is not an equivalent of HDMI, the MHL-enabled accused products in VIS II also cannot indirectly infringe the asserted claims of the

2

'268, '381 and '398 Patents when used in conjunction with an intermediate device because conversion to HDMI does not occur prior to transmission from the mobile terminal;

(c) The Court's Summary Judgment Order found that the accused MHL-enabled products of VIS II do not directly infringe the asserted claims of the '492, '711, and '268 Patents;

(d) Pursuant to the Court's determination that MHL is not a "display format," even drawing the inference in VIS's favor that HDMI is a display format, the MHL-enabled accused products cannot infringe the asserted claims of the '492, '711, and '268 Patents when used in conjunction with an intermediate device because conversion to a "display format" does not occur prior to transmission from the mobile terminal;

(e) Although the Court's Summary Judgment Opinion and Order (VIS II, ECF No. 250) addressed only accused products in VIS II, the accused products in VIS I cannot infringe the asserted claims for the same reasons;

(f) Plaintiff hereby dismisses without prejudice its claims against Samsung's Droid Charge as an accused product, and that product should be deleted from paragraph 37 of the Court's Amended Final Pretrial Order, which was entered on April 14, 2014. VIS I, ECF No. 560 at 4. As a result, all remaining accused products are either MHL-enabled, or are intermediate devices, and therefore governed by the Court's Summary Judgment Opinion and Order, and Plaintiff is precluded from offering evidence of infringement on any accused product remaining in either VIS I or VIS II;

(g) Defendants dismiss without prejudice their respective counterclaims for declaratory judgment of invalidity and unenforceability; and

(h) Defendants will not move for costs and attorneys' fees, if at all, until after resolution of the contemplated appeal, or within thirty (30) days following the deadline for filing a notice of appeal, whichever is later.

(VIS I, ECF No. 567; VIS II, ECF No. 267). These stipulations were to facilitate the immediate appeal of the Court's Final Judgment. Defendants contend that there are additional grounds for non-infringement and invalidity of all the asserted claims that are not addressed in the Court's summary judgment orders or as part of invalidity proceedings currently pending before the *Patent & Trademark Office*, and reserve their right to assert such additional grounds in the event that the appellate court remands the case to the District Court. Plaintiff agrees not to assert that the stipulations and corresponding appeal constitute grounds for challenging these defenses as waived in such a remand proceeding.

On April 15, 2014, the Parties indicated they were working to resolve the matter in a way that would not necessitate a trial, and the Court continued trial to May 27, 2014. (VIS I, ECF No. 566; VIS II, ECF No. 261.)

In accordance with the above, the Court hereby enters Final Judgment in this matter as follows:

1.  **FINAL JUDGMENT** with respect to Plaintiff's claims of infringement of the '492 Patent against Defendants is entered against Plaintiff and in favor of Defendants, and Plaintiff shall take nothing of and from its claims of infringement of the '492 Patent against Defendants. All of Defendants counterclaims are **DISMISSED WITHOUT PREJUDICE**, without waving Defendants' right to reassert any or all of these claims in this action or another, including but not limited to in the event that the appellate court remands the case to the District Court.

2. **FINAL JUDGMENT** with respect to Plaintiff's claims of infringement of the '711 Patent against Defendants is entered against Plaintiff and in favor of Defendants, and Plaintiff shall take nothing of and from its claims of infringement of the '711 Patent against Defendants. All of Defendants counterclaims are **DISMISSED WITHOUT PREJUDICE**, without waving Defendants' right to reassert any or all of these claims in this action or another, including but not limited to in the event that the appellate court remands the case to the District Court.

3. **FINAL JUDGMENT** with respect to Plaintiff's claims of infringement of the '268 Patent against Defendants is entered against Plaintiff and in favor of Defendants, and Plaintiff shall take nothing of and from its claims of infringement of the '268 Patent against Defendants. All of Defendants counterclaims are **DISMISSED WITHOUT PREJUDICE**, without waving Defendants' right to reassert any or all of these claims in this action or another, including but not limited to in the event that the appellate court remands the case to the District Court.

4. **FINAL JUDGMENT** with respect to Plaintiff's claims of infringement of the '381 Patent against Defendants is entered against Plaintiff and in favor of Defendants, and Plaintiff shall take nothing of and from its claims of infringement of the '381 Patent against Defendants. All of Defendants counterclaims are **DISMISSED WITHOUT PREJUDICE**, without waving Defendants' right to reassert any or all of these claims in this action or another, including but not limited to in the event that the appellate court remands the case to the District Court.

5. **FINAL JUDGMENT** with respect to Plaintiff's claims of infringement of the '398 Patent against Defendants is entered against Plaintiff and in favor of Defendants, and Plaintiff

shall take nothing of and from its claims of infringement of the '398 Patent against Defendants. All of Defendants counterclaims are **DISMISSED WITHOUT PREJUDICE**, without waving Defendants' right to reassert any or all of these claims in this action or another, including but not limited to in the event that the appellate court remands the case to the District Court.

6. The deadline for the parties to seek recovery of costs (including filing a Notice of Application and proposed Bill of Costs) and/or attorney's fees is extended to thirty (30) days following issuance of a mandate in any appeal from this Final Judgment. To the extent no such appeal is filed, the deadline shall be thirty (30) days following the deadline for filing a notice of appeal.

7. Subject to paragraph 6, all claims between the parties have now been resolved. This is a **FINAL AND APPEALABLE JUDGMENT**.

**IT IS SO ORDERED.**

May 5, 2014
Norfolk, Virginia

/s/ _____
Mark S. Davis
**United States District Judge**
_____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

By: _____

W. Ryan Snow, VSB No. 47423
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia  23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
wrsnow@cwm-law.com
dhartnett@cwm-law.com

Edward E. Casto, Jr., Esq. (*pro hac vice*)
Edward R. Nelson, III, Esq. (*pro hac vice*)
Thomas C. Cecil, Esq. (*pro hac vice*)
Jonathan H. Rastegar, Esq. (*pro hac vice*)
Anthony Vecchione, Esq. (*pro hac vice*)
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone:  (817) 377-9111
Facsimile:  (817) 377-3485
enelson@nbclaw.net
ecasto@nbclaw.net
tcecil@nbclaw.net
jrastegar@nbclaw.net

Timothy E. Grochocinski, Esq. (*pro hac vice*)
INNOVALAW, P.C.
1900 Ravinia Place
Orland Park, Illinois 60462
Telephone: (708) 675-1975
teg@innovalaw.com

**Counsel for Virginia Innovation Sciences, Inc.**

By: _____

Robert W. McFarland, VSB No. 24021
rmcfarland@mcguirewoods.com
Sarah K. McConaughy, VSB No. 80674
smcconaughy@mcguirewoods.com
McGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3966

Brett J. Williamson (*pro hac vice*)
bwilliamson@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Telephone: (949) 760-9600
Facsimile: (949) 823-6994

**Counsel for Defendants Samsung
Electronics Co., Ltd., Samsung Electronics
America, Inc., and Samsung
Telecommunications America, LLC**